IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STACEY VERNELL GRAY, | § | |
| TDCJ-CID NO. 01697294, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-12-1005 |
| | § | |
| FORT BEND COUNTY, | § | |
| Defendant. | § | |

OPINION ON DISMISSAL

Plaintiff, a state-jail inmate, has filed a complaint pursuant to 42 U.S.C. § 1983, seeking a declaration that his right to an appeal was violated by the state district court. (Docket Entry No.1). Plaintiff has also filed an application to proceed *in forma pauperis* and a motion to appoint counsel. (Docket Entries No.2, No.5). For the reasons to follow, the Court will grant plaintiff's application to proceed as a pauper, deny his motion for appointment of counsel, and dismiss this case as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B).

CLAIMS

Plaintiff entered a negotiated plea to a charge of possession of controlled substance, for which he was found guilty and sentenced to eighteen months confinement in a state jail facility on February 24, 2011, in the 240th State District Court of Fort Bend County in cause number 09-DCR-053036. (Docket Entry No.1); TDCJ website;[1] Fort Bend County Records.[2] Plaintiff claims that he did not sign a waiver of his right to appeal and he did not agree to waive his appeal; consequently, he filed a notice of appeal in the state district court on March 2, 2011. (Docket Entry No.1). The appeal was set aside. (*Id.*). On November 10, 2011, he was

---

[1] http://offender.tdcj.state.tx.us/POSdb2/offenderDetail.action?sid=05277227 (viewed June 1, 2012).

[2] http://tylerpaw.co.fort-ben.tx.us/CaseDetail.aspx?CaseID=933045 (viewed June 1, 2012).

1

bench warranted back to Fort Bend County, where he was asked to sign a waiver of his right to an appeal. (*Id.*). He refused; thereafter, on December 30, 2011, his appeal was reinstated. (*Id.*). Plaintiff claims that on January 25, 2012, he was coerced into signing a certification that he waived his right to an appeal, by a threat of more jail time. (*Id.*) Plaintiff seeks a declaration that his right to appeal was violated by Fort Bend County in March 2011, when his appeal was set aside, even though his case is presently on appeal. (*Id.*).

## DISCUSSION

The Prison Litigation Reform Act requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A complaint may be dismissed for failure to state a claim if the plaintiff does not allege enough facts to state a claim to relief that is "plausible" on its face. *Bell Atlantic Corp. v.*

2

*Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (*Id.*).

The Declaratory Judgment Act provides that in a case of actual controversy "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  "Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."  *Id.*  The case and controversy must be real, substantial, and susceptible to conclusive relief within the powers of a court.  *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009).  "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Md. Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273 (1941).

Plaintiff's pleadings and public records show that his appeal is pending before the First Court of Appeals for the State of Texas.  (Docket Entry No.1); Texas Courts Online.[3]  Under these circumstances, plaintiff fails to state a real and substantial case or controversy with respect to his right to an appeal.  Accordingly, plaintiff's complaint is subject to dismissal for failure to state a claim.

---

[3] http://www.1stcoa.courts.state.tx.us/opinions/case.asp?FilingID=94564 (viewed June 1, 2012).

CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(e) is GRANTED. Plaintiff shall pay the entire $350.00 filing fee under 28 U.S.C. § 1915(b). The Officer in charge of the inmate's trust fund at the state jail facility, where plaintiff is incarcerated, shall deduct twenty per cent (20%) of each deposit made to plaintiff's trust fund account when the account exceeds $10.00, and forward the funds to the Clerk on a regular basis in compliance with the provisions of 28 U.S.C. § 1915(b) until the fee has been paid.

2. Plaintiff's complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). All claims against all defendants are DENIED.

3. All other pending motions are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, fax 512-936-2159, the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax 936-437-4793, and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 1st day of June, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE